**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **RECEIVER RALPH S. JANVEY** | § | |
| | § | |
| *Plaintiff* | § | |
| | § | **Case No: 03:10-cv-617** |
| **v.** | § | |
| | § | |
| **JOHNSON, ET AL** | § | |
| *Defendants* | § | |

**ANSWER TO THE RECEIVER'S COMPLAINT**
**AGAINST CERTAIN STANFORD INVESTORS**
**(Nancy Johnson)**

Defendant Nancy Johnson ("Respondent") file this Answer to the Receiver's Complaint (Doc. 1), subject to the pending Motion to Dismiss, and would respectfully show the Court as follows:

**I.**
**ANSWER FILED SUBJECT TO MOTION TO DISMISS**

**SUMMARY**

1.    Respondent denies the allegations in Paragraphs 1 to 6 for lack of knowledge or information sufficient to form a belief.

**PARTIES**

2.    Respondent admits the allegation in Paragraph 7 that the parties to this complaint are the Receiver and the investors named in an Appendix to Complaint.

3.    Respondent admits the allegation in Paragraph 8 that the undersigned attorney accepts service of the Receiver's First Amended Complaint.

### JURISDICTION & VENUE

4.      Respondent denies the allegations in Paragraphs 9 to 13 for lack of knowledge or information sufficient to form a belief.

### STATEMENT OF FACTS

5.      Respondent denies the allegations in Paragraphs 14 to 25 for lack of knowledge or information sufficient to form a belief.

### REQUESTED RELIEF / PRAYER

6.      Respondent denies the allegations in Paragraphs 26 to 27 for lack of knowledge or information sufficient to form a belief.

7.      The allegations in Paragraph 28 require no response because they are legal conclusions. To the extent a response is required; Respondent denies them for lack of knowledge or information sufficient to form a belief.

8.      Respondent denies the allegations in Paragraphs 29 to 30 for lack of knowledge or information sufficient to form a belief.

9.      The allegations in Paragraphs 31 to 42 require no response because they are legal conclusions. To the extent a response is required; Respondent denies them for lack of knowledge or information sufficient to form a belief.

### APPENDIX

10.      Respondent denies that the amounts stated in the Receiver's Appendix to his Complaint are correct.

## II.
## AFFIRMATIVE DEFENSES

### UNIFORM FRAUDULENT TRANSFER ACT

11.      The Receiver cannot prevail upon his claims because any amounts Respondent allegedly

received were not fraudulent transfers as a matter of law and Respondent has an affirmative defense under TEX BUS. & COM. CODE § 24.010.

### ESTOPPEL / PROMISSORY ESTOPPEL

12.    The Receiver cannot prevail upon his claims because any amounts Respondent allegedly received were the result of reasonable reliance upon misrepresentations made by the Receiver's predecessor in interest.

### FAILURE TO MITIGATE

13.    The Receiver cannot prevail upon his claims because, in pursuing them, he has failed to mitigate damages to the receivership estate.

14.    The Receiver cannot prevail upon his claims because his predecessor in interest failed to mitigate damages for the amounts now sought from Respondent.

### FRAUD / MISREPRESENTATION

15.    The Receiver cannot prevail upon his claims because they are the result of fraud or misrepresentation by the Receiver's predecessor in interest.

### ILLEGALITY

16.    The Receiver cannot prevail upon his claims because they are the result of illegality by the Receiver's predecessor in interest.

### LACHES

17.    The Receiver cannot prevail because he improperly rested on his claims and Respondent would be prejudiced as a result.

### STATUTE OF LIMITATIONS / STATUTE OF REPOSE

18.    The Receiver cannot prevail upon his claims because the limitations period has expired and all or a part of the claims or remedies are extinguished.

### UNCLEAN HANDS

19.     The Receiver cannot prevail upon his claims due to the comparative lack of equity by the Receiver and his predecessor in interest.

### IN PARI DELICTO

20.     The Receiver cannot prevail upon his claims due to wrongful conduct by the Receiver and his predecessor in interest.

### PRINCIPLES OF EQUITY

21.     The Receiver cannot prevail upon his claims because they are not consistent with applicable principles of equity.

### PREMATURE / STANDING

22.     The Receiver cannot prevail upon his claims until this Court determines the Antiguan Liquidators' petition for recognition under Chapter 15 of the Bankruptcy Code.   If granted, the Receiver would not have standing to assert his claims.

### OFFSET

23.     The Receiver's claims must be offset by any amounts the Respondent paid in penalties and taxes.

### III.
### JURY DEMAND

24.     Respondent requests that this matter be tried before a jury.

### IV.
### PRAYER FOR RELIEF

Respondent respectfully asks this Court for an Order that (1) denies the Receiver's claims for fraudulent conveyance, unjust enrichment, and constructive trust and (2) awards Respondent the costs of this lawsuit, attorneys' fees, and pre-judgment and post-judgment interest. Respondent also asks for a jury trial and for such other further relief, general or special, at law or in

equity, that the Court may find appropriate.

Respectfully submitted,

**GORANSONKING, PLLC**

By:      ___/s/ Mark D. Goranson_____
          MARK D. GORANSON
          State Bar No. 08192950
          550 Westcott, Suite 415
          Houston, Texas 77007
          713.526.9200- Telephone
          713.526.9202- Facsimile

          **ATTORNEY FOR RESPONDENT**

**CERTIFICATE OF SERVICE**

On September 23, 2011, I electronically submitted this pleading to the Clerk of Court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the Court. I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

___/s/ Mark D. Goranson_____